**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BLUEFIELD**

**LEONARD GREGORY,**

**Plaintiff,**

**v.** **Civil Action No.** 1:26-cv-00525

**VIASAT, INC., VIASAT CARRIER SERVICES, INC., DIRECTV, LLC, DIRECTV CUSTOMER SERVICES, LLC, MASTEC INDUSTRIAL CORP., MASTEC NETWORK SOLUTIONS, INC., MASTEC NETWORK SOLUTIONS, LLC, MASTEC NORTH AMERICA, INC. MASTEC RENEWABLES CONSTRUCTION COMPANY, INC., MASTEC SERVICES COMPANY, INC., MASTEC WIRELESS SERVICES, LLC, CURTIS COLLEY, JR. And MATT LESTER,**

**Defendants.**

**NOTICE OF REMOVAL**

TO:

Francine Spencer, Clerk
Office of the Circuit Clerk
90 Wyoming Street, Suite 201
Welch, WV 24801

Stephen B. Farmer, Esq.
Robert A. Campbell, Esq.
Ashley Tucker, Esq.
101 N. Kanawha Street, Suite 101
Beckley, WV 25801

COME NOW Defendants MasTec Industrial Corp.; MasTec Network Solutions, Inc.; MasTec Network Solutions, LLC; MasTec North America, Inc.; MasTec Renewables Construction Company, Inc.; MasTec Services Company, Inc.; and MasTec Wireless Services ("the MasTec Defendants"), by counsel, Natalie C. Schaefer, Katie MacCallum Nichols, and the law firm of Shuman McCuskey Slicer PLLC, and file this Notice of Removal pursuant to 28 U.S.C.

§§ 1332, 1441, and 1446. In support of this Notice of Removal, the MasTec Defendants state as follows:

## BACKGROUND

1. On or about July 2, 2026, Plaintiff Leonard Gregory filed a Complaint in the Circuit Court of McDowell County, West Virginia, as Civil Action No. CC-27-2026-C-45. The events giving rise to Plaintiff's claims occurred in or near McDowell County, West Virginia. Accordingly, venue properly lies in this United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1391(b)(2). Furthermore, the United States District Court for the Southern District of West Virginia, Bluefield Division, is the "district and division" for actions removed from the Circuit court of McDowell County, West Virginia, pursuant to 28 U.S.C. §§ 129(b), 1441(a), and 1446(a). Removal of this case is proper under 28 U.S.C. §§ 1441 and 1332 because complete diversity exists between Plaintiff and the served Defendants under 28 U.S.C. § 1441(b).

2. The MasTec Defendants are foreign entities and all were served with the Complaint via the West Virginia Secretary of State's Office on or about July 23, 2026, but did not receive the Complaint until August 3, 2026.

3. The Complaint alleges that Plaintiff Leonard Gregory was injured when either Curtis Colley, Jr., or Matt Lester installed a satellite dish at Plaintiff's residence, during which the dish fell from the roof and struck Plaintiff. (Compl. ¶¶ 13, 15, 20). He contends that, upon information and belief, the Viasat Defendants entered into a service agreement with the DIRECTV Defendants under which the Viasat Defendants would provide broadband internet access services, and the DIRECTV Defendants engage in multimedia distribution services, including installations, upgrades and service calls. (Compl. ¶ 11). He also alleges that the DIRECTV Defendants entered

into an agreement with the MasTec Defendants whereby the MasTec Defendants engaged in the installation of equipment on behalf of the DIRECTV Defendants and/or the Viasat Defendants related to the installation of the dish at Plaintiff's residence. (Compl. ¶ 12). Plaintiff brings claims for negligence against all defendants. *See, generally*, Compl. Plaintiff is seeking compensatory damages, punitive damages, pre- and -post-judgment interest, and attorney's fees and costs as a result of the incident. *See* Compl.

**THE PARTIES**

4. According to the Complaint, Plaintiff is a citizen of the State of West Virginia. (Compl. ¶ 1).

5. According to the Complaint, the Viasat Defendants are Delaware corporations authorized to transact business in West Virginia with a principal office address in Carlsbad, California. (Compl. ¶ 2).

6. According to the Complaint, the DIRECTV Defendants are limited liability companies organized under the laws of the State of Delaware, authorized to transact business in West Virginia, while their principal office address is in El Segundo, California. (Compl. ¶ 3).

7. Each of the MasTec Defendants are Florida companies authorized to transact business in West Virginia with a principal office address in Coral Gables, Florida. (Compl. ¶ 4). At the time of the commencement of this action, none of the MasTec Defendants are, or have ever been, a citizen of West Virginia. None of its officers reside in West Virginia.

8. According to the Complaint, Defendant Colley is a resident of Virginia. (Compl. ¶ 5).

9. According to the Complaint, Defendant Lester is a resident of Virginia. (Compl. ¶ 6).

**BASIS OF REMOVAL**

10. Plaintiff is a resident of West Virginia, but none of the Defendants are citizens of West Virginia.

11. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and this civil action may be removed to this Court by the MasTec Defendants pursuant to the provisions of 28 U.S.C. § 1441 because it is a civil action between citizens of different states wherein the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

12. District Courts have diversity jurisdiction over all civil actions in which the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Plaintiff is seeking compensatory damages as a result of the incident alleged in his Complaint. *See* Compl. Although Plaintiff did not specifically plead an amount of damages in the Complaint, this case may be removed because the Complaint clearly indicates that Plaintiff seeks compensatory and punitive damages, including medical expenses, lost earnings, pain and suffering, diminished capacity to enjoy life, annoyance and inconvenience, and other damages.

13. "A defendant who removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by the preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Ashworth v. Albers Medical, Inc., et al.*, 395 F. Supp 2d, 395, 413 (S.D.W. Va. 2005). The jurisdictional minimum may be satisfied by claims of compensatory damages. *Id.* at 413-14

14. Under West Virginia law, Plaintiff's recovery is theoretically unlimited and only a binding stipulation that he would neither seek nor accept more than $75,000.00 could limit recovery. *See Hicks v. Herbert*, 122 F.Supp.2d 699 (S.D.W. Va. 2000). Plaintiff's Complaint

contains no such stipulation. This Court, therefore, has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and this action may be removed to the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. § 1441. By removing this action, the MasTec Defendants reserve the right to assert all available defenses.

15. Therefore, without conceding that Plaintiff is entitled to any damages, which is expressly denied by the MasTec Defendants as it relates to their conduct, it is facially apparent by the allegations set forth in the Complaint that the amount in controversy exceeds $75,000.00. If the Court is inclined to disagree, the MasTec Defendants respectfully request the opportunity to conduct jurisdictional discovery to confirm the amount in controversy. If any question arises as to the propriety of the removal of this action, the MasTec Defendants request an opportunity to present a brief or additional evidence in support of its position that this case is removable. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (announcing the general rule that post-removal evidence in assessing removal jurisdiction may be considered by the Court).

16. In accordance with 28 U.S.C. § 1446(b)(2)(A), *Mayo v. Bd. of Educ.*, 713 F.3d 735, 742 (4th Cir. 2013), and *Stevens v. Thornsbury*, Civil Action No. 2:13-cv-31719, 2014 U.S. Dist. LEXIS 112020 (S.D.W. Va. Aug. 13, 2014), all Defendants who have formally appeared unanimously consent to removal. **Exhibit C.**

17. Upon review of the docket sheet in Civil Action No. CC-27-2026-C-45 in the Circuit Court of McDowell County, West Virginia, as of the date of the filing of this Notice of Removal, Defendants Viasat, Inc., Viasat Carrier Services, Inc., DirecTV, LLC, DirecTV Customer Services, LLC, and Curtis Colley, Jr., have been served with a summons and Complaint in that case. However, only Viasat, Inc., has made an appearance.

18. Upon information and belief and upon a review of the docket sheet in Civil Action No. CC-27-2026-C-45 in the Circuit Court of McDowell County, West Virginia, as of the date of

the filing of this Notice of Removal, Defendant Matt Lester had not been served with the summons and Complaint in that case.

19. As required by 28 U.S.C. §1446(b)(3), this Notice of Removal is filed with this Court within thirty (30) days from which it was first ascertained by the MasTec Defendants that this case was removable and, as such, this Notice of Removal has been timely filed.

20. As required by 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon Plaintiff, by and through his attorney of record, and upon the Clerk of the Circuit Court of McDowell County, West Virginia.

21. Copies of all process, pleadings, and orders received by the MasTec Defendants in the Circuit Court of McDowell County, West Virginia, Civil Action Number CC-27-2026-C-45 are attached hereto and incorporated herein as **Exhibit A**. The docket sheet is attached as **Exhibit B**.

22. The filing of this Notice, along with the filing of a copy of the Notice in the Circuit Court of McDowell County and service of this Notice upon Plaintiff, immediately confers exclusive jurisdiction of this case to the United States District Court for the Southern District of West Virginia and divests the Circuit Court of McDowell County of all jurisdiction over these proceedings and the claims and/or causes of action raised herein. *See Maseda v. Honda Motors Co.*, 861 F.2d 1248, 1254-55 (11th Cir. 1988) (stating that "after removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case"). "Any subsequent proceedings in state court are void ab initio." *Id.*

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removal of the above-styled state court action to this Court is proper. The MasTec Defendants, therefore, respectfully request that this Court assume full jurisdiction over the causes of action herein and that the Circuit

Court of McDowell County, West Virginia, proceed no further in the proceedings. The MasTec Defendants further demand that the trial of this matter in federal court be heard by a jury.

**MASTEC INDUSTRIAL CORP.,
MASTEC NETWORK SOLUTIONS, INC.,
MASTEC NETWORK SOLUTIONS, LLC,
MASTEC NORTH AMERICA, INC.
MASTEC RENEWABLES CONSTRUCTION COMPANY, INC., MASTEC SERVICES COMPANY, INC., MASTEC WIRELESS SERVICES, LLC,**

By Counsel

*/s/Natalie C. Schaefer*

Natalie C. Schaefer, Esq. (WVSB #9103)
Katie MacCallum Nichols, Esq. (WVSB #9355)
SHUMAN MCCUSKEY SLICER PLLC
1411 Virginia Street East, Suite 200 [25301]
Post Office Box
Charleston, WV 25301
P: 304-345-1400; F: 304-343-1826
nschaefer@shumanlaw.com
kmnichols@shumanlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BLUEFIELD**

**LEONARD GREGORY,**

**Plaintiff,**

**v.** **Civil Action No.** 1:26-cv-00525

**VIASAT, INC., VIASAT CARRIER SERVICES, INC., DIRECTV, LLC, DIRECTV CUSTOMER SERVICES, LLC, MASTEC INDUSTRIAL CORP., MASTEC NETWORK SOLUTIONS, INC., MASTEC NETWORK SOLUTIONS, LLC, MASTEC NORTH AMERICA, INC. MASTEC RENEWABLES CONSTRUCTION COMPANY, INC., MASTEC SERVICES COMPANY, INC., MASTEC WIRELESS SERVICES, LLC, CURTIS COLLEY, JR. And MATT LESTER,**

**Defendants.**

**CERTIFICATE OF SERVICE**

I, the undersigned counsel for MasTec Industrial Corp.; MasTec Network Solutions, Inc.; MasTec Network Solutions, LLC; MasTec North America, Inc.; MasTec Renewables Construction Company, Inc.; MasTec Services Company, Inc.; and MasTec Wireless Services, do hereby certify that on August 24, 2026, I will serve an electronic copy in Circuit Court of McDowell County and also serve a true and correct copy of the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Stephen B. Farmer, Esq.
Robert A. Campbell, Esq.
Ashley J. Tucker, Esq.
Farmer, Cline & Campbell, PLLC
P.O. Box 5559
101 North Kanawha Street, Suite 101
Beckley, WV 25801
*Counsel for Plaintiff*

George A. Halkias, Esq.
Law Offices of Asad U. Khan
Nationwide Trial Division
300 Summers Street, Suite 1450
Charleston, WV 25301
*Counsel for Defendant Viasat, Inc.*

and will serve a true copy thereof via the U.S. Mail, postage prepaid, to the following parties:

VIASAT Carrier Services, Inc.
c/o CT Corporation
5098 Washington Street West, Suite 407
Charleston, WV 25318

DIRECTV, LLC
c/o CT Corporation
5098 Washington Street West, Suite 407
Charleston, WV 25318

DIRECTV Customer Services, LLC
c/o CT Corporation
5098 Washington Street West, Suite 407
Charleston, WV 25318

Curtis Colley, Jr.
4227 Boyd Road
Draper, VA 24324

*/s/Natalie C. Schaefer*
Natalie C. Schaefer (WVSB No. 9103)
Katie MacCallum Nichols (WVSB No. 9355)